People v Reyes (2026 NY Slip Op 50015(U))

[*1]

People v Reyes

2026 NY Slip Op 50015(U)

Decided on January 8, 2026

Criminal Court Of The City Of New York, Bronx County

Moore, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2026
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

againstSasha Reyes, Defendant.

Docket No. CR-015934-25BX

For the Defendant: The Bronx Defenders(by: Aubree Aguinaga, Esq.)For the People: Darcel D. Clark, District Attorney, Bronx County(by: ADA Stephan Tsarnas)

Deidra R. Moore, J.

On June 7, 2025, Sasha Reyes (hereinafter referred to as "Defendant"), was arrested and charged with violating Vehicle and Traffic Law ("V.T.L.") §§ 1192[3] and 1192[1]. Defendant was arraigned the next day and released on her own recognizance.
The Defendant moves for dismissal of the accusatory instrument, pursuant to C.P.L. § 30.30[1][b], asserting that the statutory speedy trial period expired because the People did not comply with their discovery obligations pursuant to C.P.L. §§ 245.20[1] and 245.50[3].
In the alternative, Defendant moves to suppress tangible and intangible evidence, alleging these are the fruit of an illegal stop (Dunaway v New York, 442 US 200 [1979]; Mapp v Ohio, 367 US 643 [1961]; People v Ingle, 36 NY2d 413 [1975]). Defendant moves to suppress evidence of her chemical test refusal, alleging the refusal was obtained in violation of V.T.L. § 1994. Finally, Defendant moves to suppress properly noticed statements (People v Huntley, 15 NY2d 72 [1965]).
Upon review and consideration of the submissions, court file and relevant legal authority, Defendant's motion to dismiss pursuant to C.P.L. §§ 245.50[4][c] and 30.30 is DENIED.
Defendant's motion for hearings pursuant to Mapp/Dunaway/Ingle/Huntley, and V.T.L. § 1194 is GRANTED.
 RELEVANT PROCEDURAL BACKGROUNDOn June 8, 2025, the Defendant was arraigned on a top charge of V.T.L. § 1192[3], [*2]common law driving while intoxicated, an unclassified misdemeanor. The complaint was deemed an information, and the case was adjourned to July 23, 2025, for discovery compliance.
On July 23, 2025, the prosecution was not discovery compliant. Off calendar, the prosecution had filed and served a superseding information, which added a count charging V.T.L. § 509[1], unlicensed driving. The Defendant was arraigned on the information, and the case was adjourned to September 10, 2025, for discovery compliance.
On August 1, 2025, the People filed and served, off calendar, a certificate of compliance ("COC"), and statement of readiness ("SOR").
On August 7, 2025, legislative changes to C.P.L. Article 245 took effect, including new procedural requirements for defense challenges to the validity of a certificate of compliance (C.P.L. § 245.50[4]); these changes "apply to all criminal actions pending" on August 7, 2025 (2025 McKinney's Session Law News of NY, ch 56, part LL, § 8 [May 9, 2025]). One of the newly enacted provisions requires that COC challenges "shall be addressed by motion within thirty-five days of the service of the certificate" (C.P.L. § 245.50[4][c]). Courts retain the discretion to extend this thirty-five-day deadline "for good cause shown," provided that the defense makes the request for extension prior to the expiration of the thirty-five days (C.P.L. § 245.50 4[c][i]). For COCs filed prior to August 7, 2025, the thirty-five-day time period to make a COC challenge or request an extension began to run on August 7, 2025 (2025 McKinney's Session Law News of NY, ch 56, part LL, § 8 [May 9, 2025]).
On September 10, 2025, the Defendant's appearance was excused. Defense counsel requested and was granted a good cause extension to September 16, 2025, for a potential COC challenge. The case was adjourned, however, to September 15, 2025, for the Defendant to appear.
On September 15, 2025, the parties appeared. Defense counsel requested, but was denied, a good cause extension beyond the September 16, 2025, deadline. The case was adjourned to September 16, 2025, for discovery conference.
On September 16, 2025, Hon. Judge Michele Davila deemed the certificate of compliance valid, without objection by the defense. A schedule was set for submission of suppression motions.
By motion dated October 6, 2025, Defendant moved to strike the COC pursuant to C.P.L. 30.30[1][b] and 245.50[4][c]. The People filed their opposition on October 27, 2025; the defense reply followed on October 31, 2025.

DISCUSSION
The defense argues that their motion to invalidate the COC should be considered under C.P.L. Article 245 as it existed prior to the legislative changes which took effect on August 7, 2025, citing Majewski v Broadalbin-Perth Cent School Dist., 91 NY2d 577 [1998], among [*3]others. C.P.L. § 245.50[4][b], as effective prior to August 7, 2025, required only that the defense alert the prosecution to a potential defect related to the certificate of compliance "as soon as practicable."[FN1]

The Court declines to decide the case according to C.P.L. § 245.50 as it was written prior to August 7, 2025. Defense counsel requested, and was granted, a good cause extension to September 16, 2025, for the opportunity to file a COC motion. On September 15, 2025, defense counsel requested, and was denied, a good cause extension beyond the September 16, 2025, deadline. This denial put defense counsel on notice that any motion to invalidate the COC was due the next day. As the events which form the basis for the instant motion pre-date the September 16, 2025, deadline, defense counsel had ample opportunity to object to the COC's validity.
Ultimately, however, the Court would deny Defendant's motion to invalidate the COC no matter which iteration of C.P.L. § 245.50 is used, as the validity of the COC has already been decided. The COC was deemed valid by the Hon. Judge Michele Davila, without defense objection, on September 16, 2025. Defense counsel's instant motion attempts to circumvent the standing ruling that the COC is valid.[FN2]

As the COC is valid, the speedy trial clock was tolled upon its filing on August 1, 2025.

THE CPL § 30.30 CALCULATION
The first day counted for speedy trial purposes is the day after the commencement of the criminal action—here, the filing of the accusatory instrument (C.P.L. § 100.05; People v Stiles, 70 NY2d 765, 767 [1987]). Because the People filed a valid certificate of compliance on August 1, 2025, the speedy trial clock was tolled on that date (June 9, 2025 — August 1, 2025 = 54 days).
As such, 54 days are chargeable to the People.

CONCLUSION
Defendant's motion to dismiss pursuant to C.P.L. §§ 245.50[4][c] and 30.30[1][b] is DENIED.
Defendant's motion for hearings pursuant to Mapp/Dunaway/Ingle/Huntley, and V.T.L. § 1194 is GRANTED.
Dated: January 8, 2026Bronx, New YorkHon. Deidra R. Moore, J.C.C.

Footnotes

Footnote 1:On September 2, 2025, defense counsel notified the assigned prosecutor that she was unable to access videos via an Axon link that had been shared with both her e-mail address and the Bronx Defenders discovery e-mail address on August 1, 2025. The assigned prosecutor and defense counsel conferred over the following ten days, during which time the prosecution provided audit trails indicating that the videos had been shared, spoke with IT personnel at the Bronx Defenders, and offered to put the videos on a flash drive for defense counsel (People's Opposition Exhibits 2 and 3). On September 12, 2025, the assigned prosecutor was notified that the Bronx Discovery team had located and accessed the shared videos (People's Opposition Exhibit 2).

Footnote 2:Defense counsel's instant motion also attempts to circumvent the prior court's ruling denying a good cause extension beyond September 16, 2025, to file a motion pursuant to C.P.L. § 245.50[4][c].